FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 25 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MIKE MCCARTY                                                    PLAINTIFF

V.                          CASE NO.: 5:12-cv-148-JMM

FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC. and
SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                           DEFENDANTS

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

## COMPLAINT

Plaintiff, Mike McCarty, by and through his attorneys, Banks Law Firm, PLLC, and for his Complaint against Defendants, Farm Bureau Mutual Insurance Company of Arkansas, Inc. and Southern Farm Bureau Casualty Insurance Company, states as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.      Plaintiff Mike McCarty is a resident of Shelby County, Tennessee. Plaintiff is also the owner of real property which is the subject of this lawsuit located in Desha County, Arkansas.

2.      Defendants Farm Bureau Insurance Company of Arkansas, Inc. and Southern Farm Bureau Casualty Insurance Company are insurance companies authorized to do business in the state of Arkansas.

3.      The plaintiff seeks money damages against defendants for breach of contract and bad faith relating to a contract for flood insurance. Therefore, this Court has original and exclusive jurisdiction of this matter pursuant to 42 U.S.C. § 4053.

4.      Plaintiff further seeks a declaration of rights and relations of the parties pursuant to a policy of flood insurance issued by defendants on real property located in

the Eastern District of Arkansas, Pine Bluff Division. Accordingly, jurisdiction and venue in this Court are proper pursuant to 42 U.S.C. § 4053.

## STATEMENT OF FACTS

5. In 1968, Congress created the National Flood Insurance Program ("NFIP") in order to, among other things, limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance available on reasonable terms and conditions to those in need of it. See 42 U.S.C. § 4001(a).

6. Congress provided flood insurance coverage for those in flood prone areas who would otherwise be unable to obtain insurance, and the program is currently operated by the Federal Emergency Management Agency ("FEMA").

7. In 1983, FEMA, pursuant to its regulatory authority, 42 U.S.C. § 4081(a), created the Write Your Own ("WYO") program, which authorizes private insurance companies like defendants to issue flood insurance policies to qualified companies and individuals. 44 C.F.R. § 62.23.

8. FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a Standard Flood Insurance Policy ("SFIP").

9. The WYO company is required to disburse claims and to defend against claims, although FEMA reimburses the WYO company for both the costs of paying insured's claims and defending against disputed claims. While WYO companies are fiscal agents of the United States, they are not general agents of the federal government. FEMA ultimately bears the risk under the NFIP.

10. Should a dispute arise between an insured and a WYO company regarding the payment of a claim on a policy of flood insurance, 42 U.S.C. § 4053 creates exclusive jurisdiction to hear and determine such action in federal district court where the insured property is located.

11. As part of its regulatory duties and with the cooperation of local communities, FEMA prepares Flood Hazard Boundary Maps or Flood Insurance Rate Maps. Using these maps, FEMA identifies areas which are prone to high flood risks which are called Special Flood Hazard Areas ("SFHA").

12. Pursuant to section 102(b) of the Flood Disaster Protection Act of 1973 ("FDPA"), the purchase of flood insurance is mandatory on all property located in an SFHA when a mortgage is obtained from a federally regulated lender.

13. Pursuant to section 579 of the National Flood Insurance Reform Act of 1994 ("NFIRA"), there is a thirty (30) day waiting period before coverage under a new contract for flood insurance or any modification to coverage under an existing flood insurance contract becomes effective, with two exceptions.

14. In response to NFIRA, FEMA quickly adopted new regulations clarifying that the thirty (30) day mandatory waiting period does not apply to "the initial purchase of flood insurance in connection with the making, increasing, extension, or renewal of a loan." See FEMA Policy Issuance 8-95.

15. At all times relevant herein, the plaintiff owned a mobile home located at 1225 Island 69, Snow Lake, Arkansas which is in an area classified by FEMA as an SFHA. The property is located near the Mississippi River.

16. In April 2011, plaintiff began the process of obtaining a loan on his 1225 Island 69 property from First National Bank of Eastern Arkansas in Osceola, Arkansas.

Per the mandatory flood insurance requirements of the FDPA, plaintiff sought the assistance of his local Farm Bureau insurance agent in Blytheville, Arkansas.

17. On or about April 25, 2011, plaintiff submitted an application for flood insurance to defendants through his Farm Bureau agent along with a premium payment in the amount of $2,491.

18. On or about May 2-3, 2011, defendants requested that an additional premium payment by made by plaintiff for the purpose of increasing the policy limits on the flood policy. Plaintiff immediately sent a check for an additional $890 to defendants for the requested additional premium.

19. On or about May 6, 2011, defendants issued policy number FL02014913 with an effective date of April 25, 2011. The thirty (30) day waiting period was waived because the policy was a mortgage requirement per FEMA regulation.

20. At the time plaintiff submitted his application for flood insurance and premium payments to defendants, his property was not flooded. In fact, plaintiff is a long time member of the Corona Farms Hunting Company, Island 69 where his property is located and to his knowledge the property had never flooded prior to his submission of the flood insurance application and premiums.

21. River elevation certificates dated as late as May 5, 2011 clearly show there was no water in the area as of that date. However, on or about May 15, 2011, plaintiff's property began experiencing flooding causing substantial damage to the property.

22. After his property flooded, plaintiff informed his Farm Bureau insurance agent and a claim was submitted to defendants.

23. After receiving the claim, defendants began verifying the mortgage requiring flood insurance on the property. Upon receiving verification of loan closing

documents, defendants determined that the closing date of the loan was May 3, 2011. On or about May 28, 2011, defendants cancelled plaintiff's insurance policy number FL02014913 effective April 25, 2011.

24. On or about May 29, 2011, defendants issued a new policy number FL02015352 with an effective date of May 3, 2011 to coincide with the closing date of the loan requiring flood insurance. Per FEMA regulation, the thirty (30) day waiting period for coverage under the new policy was waived and coverage was effective May 3, 2011.

25. After plaintiff submitted his claim, defendants sent an insurance adjuster out to plaintiff's property to assess the damages. Plaintiff believed defendants intended to pay his claim pursuant to his flood insurance policy.

26. However, on or about July 21, 2011, defendants sent a letter to plaintiff stating that they were denying his claim. The basis for said denial, according to defendants, was that the loss was already in progress.

27. Pursuant to the terms of the policy, plaintiff appealed this decision to FEMA on August 23, 2011. On October 18, 2011, FEMA rendered an opinion again denying coverage. FEMA cited as the reason for denial a June 20, 2011 FEMA bulletin which apparently retroactively declared a flood in progress in Desha County, Arkansas on April 26, 2011. The letter notes that the original policy dated April 25, 2011 was cancelled and a new policy issued on May 3, 2011 which was after FEMA declared the loss in progress. FEMA made this declaration two months after the fact.

## COUNT I - BREACH OF CONTRACT

28. The Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 27 above.

29. Both policies of insurance between plaintiff and defendants which were issued on plaintiff's property formed a contract by and between the parties.

30. Pursuant to the terms of the contract, when the plaintiff suffered loss in the form of flood damage to his home and personal property, defendants agreed to indemnify such loss and pay for damages and repairs in return for the payment of plaintiff's premiums.

31. By failing and refusing to cover the loss and to pay for the referenced flood damages and repairs, defendants are in breach of the contract between the parties.

32. As a direct result of the failure of defendants to perform its duties under the contract, the plaintiff has suffered damages in an amount excess of the flood policy limits and has incurred costs and attorneys fees in connection with the material breaches by defendants.

## COUNT II – DECLARATORY JUDGMENT

33. The Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 32 above.

34. Plaintiff is an "interested party" pursuant to 28 U.S.C. § 2201(a), and has the right to bring this action, pursuant to Federal Rule of Civil Procedure 57, to obtain a determination and declaration of the applicability and validity of the contract of insurance issued by defendants in this case.

35. At the time of the damages suffered herein, a policy of insurance issued to plaintiff was in full force and effect and was provided and accepted as proof of financial responsibility for the future.

36. Plaintiff has made inquiry and claim against defendants pursuant to the policy of insurance that was in force and effect on May 15, 2011, but defendants have not

covered said losses and have not provided adequate reasons, rationale, or explanation for same.

37. Plaintiff seeks a declaration from this Court requiring that coverage was in effect and applicable on the date the referenced loss was suffered, and an order requiring defendants to cover plaintiff's losses.

## COUNT III – BAD FAITH

38. The Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 37 above.

39. As part and parcel of their handling of plaintiff's claim, defendants have engaged in affirmative misconduct that was dishonest, malicious, and oppressive.

40. Defendants have failed to either pay or denied plaintiff's claims, refused to pay claims despite the same being adequately and properly documented, and further acted in such an oppressive manner that harmed plaintiff that the tort of bad faith will lie.

## JURY DEMAND

41. The plaintiff respectfully requests a trial by jury.

## PRAYER FOR RELIEF

42. The plaintiff is entitled to recover for the following elements of compensatory damage:

    (a) the replacement costs of the home and all buildings and structures;

    (b) the replacement costs of all of plaintiff's personal possessions damaged by the flood;

    (c) the loss of use of his property;

    (d) debris removal;

    (e) emergency repairs; and

(f)   any and all other losses suffered as a result to flood damage to plaintiff's property.

43.   The plaintiff is entitled to a declaration from this Court requiring that coverage was in effect and applicable on the date the referenced loss was suffered, and an order requiring defendants to cover plaintiff's loss, including costs and attorney's fees.

44.   The plaintiff is entitled to punitive damages in an amount to be determined at trial for bad faith.

45.   The plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 2412.

WHEREFORE, the Plaintiff, respectfully requests that he be granted the relief sought herein, for his attorney's fees and costs, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

MIKE MCCARTY,
Plaintiff

BANKS LAW FIRM, PLLC
100 Morgan Keegan Drive, Suite 100
Little Rock, AR 72202
(501) 280-0100
(501) 280-0166

By: _____
Charles A. Banks (73004)
cbanks@bankslawfirm.us
Robert W. Francis (2007032)
rfrancis@bankslawfirm.us