**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**MIKE McCARTY**                                                                                      **PLAINTIFF**

**NO. 5:12-CV-00148-BRW**

**SOUTHERN FARM BUREAU**
**CASUALTY INSURANCE COMPANY**                                           **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion to Dismiss (Doc. No. 33).  Plaintiff has responded and

Defendant has replied.[1]  For the reasons discussed below, Defendant's Motion to Dismiss is

GRANTED.

**I.      BACKGROUND**

Defendant issued Plaintiff a flood-insurance policy for Plaintiff's property.[2]  Plaintiff's

property flooded and he submitted a claim for his loss, which Defendant denied.[3]

Plaintiff sued Defendant claiming Defendant breached the flood-insurance policy and

acted in bad faith.[4]  He seeks declaratory relief, compensatory and punitive damages, and

attorney's fees for the breach and under the Equal Access to Justice Act[5] ("EAJA").[6]

---

[1] Doc. Nos. 40 and 41.

[2] Doc. No. 1.

[3] *Id.*

[4] *Id.*

[5] 28 U.S.C. § 2412.

[6] *Id.*

Defendant urges me to strike Plaintiff's request for declaratory relief under Federal Rule of Civil Procedure 12(f), and to dismiss Plaintiff's claims for bad faith, punitive damages, and attorney's fees under Federal Rules of Civil Procedure 12(b)(6) or 12(c).[7]

The parties agree to the dismissal of Plaintiff's claims for bad faith and punitive damages,[8] which leaves the requests for declaratory relief and attorney's fees.

## II.    JURISDICTION

The flood-insurance policy giving rise to Plaintiff's claims was issued under the National Flood Insurance Program (the "Program").[9]  The Federal Emergency Management Agency ("FEMA"), which currently administers the Program, has two options for implementing the Program: Part A and Part B.[10]

Part A allows a pool of private companies to underwrite flood insurance with optional financial backing from the government.  Section 4053 grants jurisdiction over claims arising under Plan A.[11]  Part A proved unworkable and was scrapped by the late 1970s.[12]  Since then, the Program has been administered under Part B.[13]

---

[7] Doc. Nos. 33, 40.

[8] Doc. No. 40.

[9] The Program is authorized under the National Flood Insurance Act of 1968, which is codified at 42 U.S.C. §§ 4001-4130.

[10] Part A is codified at 42 U.S.C. §§ 4051-4056 and Part B at 42 U.S.C. §§ 4071-4072.

[11] See *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998).

[12] *Id.*

[13] *Id.*

Part B allows the government to underwrite flood insurance with optional administrative assistance from private companies.[14]  Under Part B of the Program, the government underwrites flood insurance policies, but consumers choose between buying flood insurance policies from FEMA directly, or from private insurance companies known as Write-Your-Own ("WYO") companies.[15]  Section 4072 grants jurisdiction over certain claims arising under Plan B.  The relevant portions of § 4072 provide:

> In the event the program is carried out [under Plan B] . . . and upon the disallowance by the Administrator [of FEMA][16] of any such claim, . . . the claimant . . . may institute an action against the Administrator [of FEMA] on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.[17]

Plaintiff invokes subject-matter jurisdiction under 42 U.S.C. § 4053.[18]  Defendant does not challenge jurisdiction, but suggests that it exists under 42 U.S.C. § 4072.[19]

Plaintiff's claims arise out of a policy issued in 2011, under Plan B of the Program.  Section 4053 -- the jurisdictional grant under the now-defunct Part A -- does not confer jurisdiction here.[20]

---

[14] 42 U.S.C. § 4071.

[15] 42 U.S.C. § 4081.

[16] 42 U.S.C. § 4021(a)(6) (defining "Administrator" to mean Administrator of FEMA).

[17] 42 U.S.C. § 4072.

[18] Doc. No. 1.

[19] Doc. No. 33, 40.

[20] See, e.g., *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F. Supp. 2d 1029, 1034 (D.S.D. 1999).

Section 4072 clearly allows suits against the Administrator of FEMA when the Administrator denies a claim; however, it does not mention claims denied by or actions against WYO carriers.  Defendant has not sued the Administrator of FEMA, nor did the Administrator disallow Plaintiff's claim.  Concluding that jurisdiction exists under § 4072 might well require me to ignore its plain language.[21]  The Eighth Circuit has never addressed the issue, and there is no consensus among those circuits that have.[22]  Saving me from such a predicament is  28 U.S.C. § 1331 -- federal-question jurisdiction -- which all courts who have addressed the issue agree grants jurisdiction over policies issued under the Program.  Whether or not § 4072 provides jurisdiction over suits against a WYO carrier, I will leave for another day for it is clear that I have jurisdiction under 28 U.S.C. § 1331.[23]  Satisfied that proper jurisdiction exists, I now turn to the merits of the Motion.

---

[21] *Id.* at 1034 ("This Court declines to expand the clear language of § 4072.").

[22] The Seventh Circuit has held that subject-matter jurisdiction does not exist under § 4072.  *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 680–81 (7th Cir. 2001).
   The Second, Third, and Sixth Circuits have held that jurisdiction does exist under § 4072. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 181 (2d Cir. 2006); *Van Holt*, 163 F.3d at 167; *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946–47 (6th Cir. 2002).
   The First, Fourth, and Eleventh Circuits have declined to address the issue, noting instead that federal-question jurisdiction exists under 28 U.S.C. § 1331.  *McGair v. Am. Bankers Ins. Co. of Florida*, 693 F.3d 94, 98 (1st Cir. 2012); *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 379–80 (4th Cir. 2004); *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308–09 (11th Cir. 2001).
   The Fifth Circuit, despite the large number of NFIP claims brought under § 4072 after Hurricane Katrina, has not addressed the issue.  *Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, No. 06-CV-04653, 2007 WL 60993 (E.D. La. Jan. 5, 2007) ("The circuit courts are divided over (and the Fifth Circuit has not yet ruled) whether the Act itself grants federal jurisdiction for breach of contract lawsuits against Write-Your-Own insurers, who issue and administer flood-risk policies as FEMA's fiscal agents.") (parenthesis in original).

[23] See, e.g., *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 184 (2d Cir. 2006).

## III.   DECLARATORY RELIEF

Plaintiff asserts a breach of contract claim in Count I of his complaint and a claim for declaratory relief in Count II.[24]  Defendant admits that Plaintiff may properly seek declaratory relief, but argues that the two claims are procedurally incompatible, redundant, and that the claim for declaratory relief is immaterial; thus, Defendant wants to strike the claim under Rule 12(f).[25]

### A.   Motion to Strike Standard

Striking a pleading or a portion of a pleading is a drastic remedy; therefore, motions to strike are viewed with disfavor and infrequently granted.[26]  Nonetheless, district courts have liberal discretion under Rule 12(f) to strike any redundant, immaterial, impertinent, or scandalous matter.[27]  Defendant suggests that Plaintiff's substantive rights will not be prejudiced by the dismissal of his request for declaratory relief, and Plaintiff does not argue that he would be prejudiced.  Instead, it appears Plaintiff hopes to use the claim for declaratory relief as a means for me to determine whether Defendant breached the SFIP at issue as a matter of law.

### B.   Analysis

It is clear there is a dispute about the rights and obligations of the parties under the SFIP.  Yet, Plaintiff has not stated any facts that taken as true would suggest an ongoing need to interpret the SFIP because of possible future events.  Plaintiff will get nothing more from a declaratory judgment than he would from prevailing on his breach of contract claim -- which Defendant has not sought to dismiss.  Although Plaintiff hopes to have a ruling on the breach of

---

[24] Doc. No. 1.

[25] Doc. No. 33.

[26] *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

[27] *Id.*

contract as a matter of law, dismissing the request for declaratory judgment will not prejudice him, for he may still seek summary judgment.[28]

In the absence of any readily apparent prejudice, Plaintiff's claims for declaratory relief are DISMISSED.

## IV.   ATTORNEY'S FEES

Defendant asks that I dismiss Plaintiff's requests for attorneys fees under Rule 12(b)(6) or Rule 12(c) because (1) federal law preempts state law to the extent Plaintiff might be entitled to attorney's fees under state law; and (2) the EAJA does not apply to suits against WYO companies, only to suits against the United States or United States agencies or officials.

Plaintiff asserts that state law is not preempted by federal law and the EAJA allows fees here because a WYO company is the functional equivalent of FEMA -- an agency of the United States.  Plaintiff also adds, that he is entitled to attorney's fees under common law principles of equity.[29]

### A.   Motion to Dismiss Standard

In ruling on a Rule 12(b)(6) or 12(c) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[30]  Conclusory allegations "are not entitled to the assumption of truth,"[31] but all reasonable inferences from the complaint must be drawn in

---

[28] *Jakobson Shipyard, Inc. v. Aetna Cas. and Sur. Co.*, 775 F. Supp. 606, 609 (S.D.N.Y. 1991) ("Where the sole question presented on a motion for summary judgment is the interpretation of a clear and unambiguous written agreement, the issue is one of law for the court and may be decided upon a motion for summary judgment.").

[29] Doc. No. 40.

[30] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

favor of the nonmoving party.[32]  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[33] but to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[34]  Judgment on the pleadings under Rule 12(c), "is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[35]

**B.     Analysis**

Any rights to attorney's fees Plaintiff might have are tied to his claim for breach of the SFIP and the EAJA.

**1.     Federal Preemption**

Under the Supremacy Clause of the United States Constitution, courts are bound to apply federal law that preempts state law.[36]  To determine whether federal law preempts state law, I must look to Congressional intent.  When a federal statute or regulation[37] expresses clear intent to preempt state law, state law must give way to federal law.

I note, the issue here is whether federal law preempts state law regarding disputes arising from the handling of a claim made on SFIPs issued under the Program.  This distinction is important because, while there may be some dispute whether federal law preempts state-law

---

[32] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[33] *Id.* (quoting Fed. R. Civ. P. 8(a)).

[34] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[35] *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (2009).

[36] U.S. Const., art. VI, cl. 2.

[37] *Fid. Fed. Sav. and Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes.").

procurement claims,[38] federal law expressly preempts state-law claims related to claims

handling.[39]  Thus, cases related to the procurement of flood insurance offer little guidance.[40]

The federal law relevant here is found both in a federal regulation and the SFIP that

Plaintiff claims Defendant breached.[41]  Article nine of the SFIP reads:

> This policy and all disputes arising from the handling of any claim under the policy
> are governed *exclusively* by the flood insurance regulations issued by FEMA, the
> National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 *et seq*.) and
> Federal common law.[42]

FEMA clarified that the

> policy language pertaining to jurisdiction, venue and applicable law to emphasize
> that matters pertaining to the Standard Flood Insurance Policy, including issues
> relating to and arising out of claims handling, must be heard in Federal court and are
> governed exclusively by Federal law.[43]

I find the SFIP -- a federal law -- expressly preempts state law with respect to claims

handling of SFIPs issued by WYO carriers under the Program.  This conclusion is consistent

with one reached recently by Chief Judge Miller in *Gunter v. Farmers Ins. Co., Inc.*[44]  Plaintiff

---

[38] Compare *Williams v. Stand. Fire Ins. Co.*, No. 3:12-CV-354, 2012 WL 3779225
(M.D. Pa. Aug. 30, 2012) (holding "state causes of action dealing with procuring a policy are not
preempted"); with *Davis v. Nationwide Mut. Fire Ins. Co.*, 783 F. Supp. 2d 825, 833-34
(E.D. Va. 2011) (concluding that federal law preempts state law with respect to policy issuance
and administration of any SFIP contract issued by a WYO).

[39] See *Davis*, 783 F. Supp. 2d at 832.

[40] E.g., *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F. Supp. 2d 1029, 1034 (D.S.D.
1999).

[41] 44 C.F.R. Pt. 61, App. A(1), Article IX.

[42] *Id.* (emphasis added).

[43] 65 Fed. Reg. 34824, 34827 (May 31, 2000).

[44] *Gunter v. Farmers Ins. Co., Inc.*, No. 4:11CV00161 BSM (E.D. Ark. July 11, 2012).

disagrees with the holding in *Gunter* and urges[45] me to rely instead on *Stanton v. State Farm Fire and Casualty Company, Inc.*[46]  But *Stanton* offers little guidance.  First, *Stanton*, as pointed out in *Gunter*, occurred before FEMA added the express preemption in article nine of the SFIP.  Next, the issue in *Stanton* was whether federal law preempts state-law tort claims related to the *procurement* of flood insurance.  The court in *Stanton* made it clear that it agreed that federal law applies to claim-disputes under the Program, but held that federal law does not preempt state-tort-law based procurement claims.[47]

Accordingly, there must be a federal law entitling Plaintiff to attorney's fees for his request to survive.

## 2.        Equal Access to Justice Act

The only federal law that Plaintiff cites in support of his request for attorney's fees is the EAJA.  Under the EAJA, courts may award attorney's fees to the prevailing party in civil actions against "the United States or any agency or any official of the United States acting in his or her official capacity . . . ."[48]

The flaw in Plaintiff's argument, is that Defendant is not "the United States or any agency or any official of the United States acting his or her official capacity" as required by the EAJA.[49]  Plaintiff argues that Defendant is the functional equivalent of FEMA, which is a United States

---

[45] Doc. No. 40.

[46] *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F. Supp. 2d 1029, 1034 (D.S.D. 1999).

[47] *Id.*

[48] 28 U.S.C. § 2412.

[49] *Id.*

agency.[50]  While that may well be true, it does not make Defendant a United States agency under the EAJA.[51]

Lastly, Plaintiff cautions that if claimants are not entitled to attorney's fees under the EAJA, then "FEMA can shield itself from an award of attorney's fees by simply replacing themselves as a party to a lawsuit with the named WYO carrier."[52]  But the decision of who will be a party is not FEMA's, it is the claimant's decision.  Moreover, claimants decide whether to purchase insurance from FEMA directly or from a WYO carrier.  Here, Plaintiff has not sued FEMA -- he sued the WYO carrier.  Accordingly, Plaintiff is not entitled to attorney's fees under the EAJA.

### 3.    Common Law Principles of Equity

Lastly, in his response to Defendant's Motion to Dismiss, Plaintiff acknowledges that the traditional "American Rule" ordinarily disfavors an award of attorney's fees without statutory or contractual authority,[53] but argues federal courts have equitable powers to award attorney's fees when required by the interests of justice.[54]  Plaintiff points to *Hall v. Cole* in support of his argument; however, I cannot see how *Hall* offers much help.[55]

---

[50] Doc. No. 40 (citing *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943 (6th. Cir. 2002)).

[51] *Dwyer v. Fid. Nat. Prop. and Cas. Ins. Co.*, 565 F.3d 284, 290 (5th Cir. 2009).

[52] Doc. No. 40.

[53] See, e.g., *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271 (1975).

[54] Doc. No. 40.

[55] *Hall v. Cole*, 412 U.S. 1 (1973).

The plaintiff in *Hall* was a union member who was expelled from his union for speaking out against the union.[56]  He sued for reinstatement, claiming that his expulsion was a violation of his right of free speech as secured by the Labor-Management Reporting and Disclosure Act of 1959.[57]  The lower court ordered the union to reinstate the plaintiff and to pay his attorney's fees; however, the union appealed because there was no statutory provision to award the attorney's fees.[58]  The Court affirmed the award of attorney's fees under the "common benefit" rationale because the Court felt that having the labor union pay those fees out of the union treasury simply shifted the costs of litigation to the class that has benefitted from them -- other union members.[59]

Here, the benefit received from a successful outcome will not inure to anyone except Plaintiff.  Moreover, the treasury from which the fees would be paid is not Defendant's -- it is the Treasury of the United States.[60]  A treasury from which "No Money shall be drawn . . . but in Consequence of Appropriations made by Law."[61]

Accordingly, Plaintiff's claims for attorney's fees are DISMISSED.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss (Doc. No. 33) is GRANTED and Plaintiff's claims for the tort of bad faith and declaratory relief and Plaintiff's requests for attorney's fees and punitive damages are DISMISSED with prejudice.

---

[56] *Id.* at 2-3.

[57] *Id.* at 3.

[58] *Id.*

[59] *Id.* at 9.

[60] 42 U.S.C. § 4017.

[61] U.S. Const. art. I, § 9, cl. 7.

IT IS SO ORDERED this 15th day of February, 2013.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE