# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2490
_____

Mike McCarty

*Plaintiff - Appellee*

v.

Southern Farm Bureau Casualty Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: June 10, 2014
Filed: July 11, 2014

_____

Before RILEY, Chief Judge, BYE and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

     This dispute involves the standard flood insurance policy (SFIP) Mike McCarty purchased from Southern Farm Bureau Casualty Insurance Co. (Farm Bureau) shortly before the Mississippi River flooded his riverside hunting cabin. SFIP coverage is provided by the federal government's National Flood Insurance Program (NFIP), which is administered by the Federal Emergency Management Agency (FEMA). <u>See</u>

42 U.S.C. § 4011(a). Farm Bureau serves as fiscal agent for the government for a fee, but has no direct financial stake in the program. See id. § 4071(a)(1); 44 C.F.R. § 62.23(g). To recover for flood damage, an SFIP policyholder must submit a timely proof of loss. See 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4). Although McCarty failed to comply with this requirement, the district court—finding waiver based on a non-waiver agreement—ruled in McCarty's favor after a bench trial. We reverse.

I.      BACKGROUND

Amid major flooding along the Mississippi River in spring 2011, McCarty visited his cabin in Desha County, Arkansas, and found the access road waterlogged, forcing him to reach his cabin by boat. Five days later, McCarty bought federal flood insurance through Farm Bureau, simultaneously applying for a loan secured by the hunting property to evade the NFIP's standard 30-day waiting period, which does not apply to insurance tied to certain loans, see 42 U.S.C. § 4013(c)(1)-(2)(A); 44 C.F.R. § 61.11(b). The bank estimated the property's value at $25,000, but McCarty needed a larger loan to insure the property for a higher amount. Thus, he pledged the property, plus a $60,000 certificate of deposit, as collateral. At the time, his net worth exceeded $5 million, and he admits "the whole purpose for getting the loan" was "to get around the 30-day waiting period set by FEMA."

After floodwaters damaged McCarty's hunting cabin, Farm Bureau assigned adjusters to process his claim. The only document McCarty signed to validate his claim was a "Non-Waiver Agreement." Although the SFIP requires policyholders to submit a "signed and sworn" proof of loss within 60 days, McCarty never signed any proof of loss at any time. 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4). Nor did McCarty sign any document listing the necessary information, including loss amounts, required by the proof of loss form. In some cases, the SFIP allows an insurer at its discretion to "accept the adjuster's report of the loss instead of [the insured's] proof of loss," but the insured "*must* sign the adjuster's report." Id. art. VII(J)(9) (emphasis added). McCarty never did so.

After the denial of his claim, McCarty filed a complaint against Farm Bureau in the Eastern District of Arkansas, alleging a state bad faith claim and federal breach of contract.  At the conclusion of a bench trial (jury trials are not permitted for SFIP disputes, see Gunter v. Farmers Ins. Co., 736 F.3d 768, 773 (8th Cir. 2013)), the district court found in McCarty's favor on the breach of contract claim and awarded $47,059.32 in damages.  The district court concluded strict compliance with the proof of loss requirement was not necessary, reasoning Farm Bureau waived the requirement by accepting McCarty's signature on the non-waiver agreement.  Farm Bureau appeals, invoking our 28 U.S.C. § 1291 appellate jurisdiction over the district court's final judgment.

## II.   DISCUSSION

This federal flood insurance "case is governed to some extent by rules quite different from those that would apply in a normal insurance dispute." Mancini v. Redland Ins. Co., 248 F.3d 729, 733 (8th Cir. 2001).  Promulgated by FEMA in its role as administrator of the NFIP, the SFIP "is more than a contract: it is also a regulation . . . stating the conditions under which federal flood-insurance funds may be disbursed to eligible policy holders."  Id.; see 44 C.F.R. § 61.13; 44 C.F.R. pt. 61, app. A(1).  FEMA authorizes certain private insurers, such as Farm Bureau, to issue SFIPs to the public.  See 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23; id. pt. 62, app. B.  FEMA's regulations make each insurer "a fiscal agent of the Federal Government, but not . . . its general agent."  44 C.F.R. § 62.23(g); see 42 U.S.C. § 4071(a)(1).  Without "express written consent of the Federal Insurance Administrator" by "amendatory endorsement," no insurer, such as Farm Bureau, can alter, vary, or waive any provision of the SFIP.  44 C.F.R. § 61.13(d).

The insurers deposit all premiums into the U.S. Treasury, which pays claims and the insurers' litigation costs.  See 42 U.S.C. §§ 4017(a), (d), 4071(a)(1); 44 C.F.R. § 62.23(i)(3), (6), (9).  Taxpayers are liable for these expenses when payouts exceed premiums.  See Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 n.2

(3d Cir. 1998).  As the NFIP offers insurance at subsidized prices below actuarial rates, it is no surprise "[t]he potential losses generated by NFIP have created substantial financial exposure for the federal government and U.S. taxpayers."  U.S. Gov't Accountability Office, GAO-13-283, High-Risk Series: An Update 261 (2013); see also U.S. Gov't Accountability Office, GAO-14-532T, Dep't of Homeland Sec.: Progress Made; Significant Work Remains in Addressing High-Risk Areas 18 (2014) ("As of December 2013, FEMA owed the Treasury $24 billion . . . and had not made a principal payment since 2010.").

Unlike the usual insurance case in which federal courts apply the substantive state law governing the insurance contract, NFIP disputes are governed exclusively by substantive federal law.  See 44 C.F.R. pt. 61, app. A(1), art. IX.  "It is well settled that federal common law governs the interpretation of the SFIP."  Linder & Assocs., Inc. v. Aetna Cas. & Sur. Co., 166 F.3d 547, 550 (3d Cir. 1999).  Because federal common law should be uniform, we follow standard insurance law principles and strive to maintain consistency among the circuits.  See Nelson v. Becton, 929 F.2d 1287, 1291 (8th Cir. 1991).  "Undoubtedly, federal programs" like the NFIP "that 'by their nature are and must be uniform in character throughout the Nation' necessitate formulation of controlling federal rules."  United States v. Kimbell Foods, Inc., 440 U.S. 715, 728 (1979) (quoting United States v. Yazell, 382 U.S. 341, 354 (1966)).

Applying these principles and reviewing the district court's legal conclusions de novo, see Urban Hotel Dev. Co. v. President Dev. Grp., L.C., 535 F.3d 874, 879 (8th Cir. 2008), we hold the district court committed reversible legal error by excusing McCarty from complying with the SFIP's proof of loss requirement.

### A.     Proof of Loss Requirement

We "must strictly construe the statutory or regulatory limits upon disbursements of funds through federal insurance programs.  Like our sister circuits, we are unable to avoid the conclusion that the proof-of-loss provision in the SFIP

-4-

states such a limit and must therefore be strictly construed." Mancini, 248 F.3d at 733 (internal citation omitted). Strict compliance with the proof of loss provision is mandatory: policyholders "'may not sue . . . to recover money under th[eir] policy unless [they] have complied with all the requirements of the policy.'" Dickson v. Am. Bankers Ins. Co. of Fla., 739 F.3d 397, 399 (8th Cir. 2014) (alterations and omissions in original) (quoting 44 C.F.R. pt. 61, app. A(1), art. VII(R)). The proof of loss "serves as a condition precedent to recovery under the SFIP." Gunter, 736 F.3d at 773.

Given the unique nature of the NFIP, precise adherence to the SFIP's requirements is necessary as a constitutional matter to prevent the judiciary from drifting beyond Article III. Only Congress can appropriate funds from the U.S. Treasury, and any judicial decision ordering disbursement of federal funds on terms not authorized by Congress would breach constitutional barriers. See, e.g., Mancini, 248 F.3d at 735. In fact, "[t]he SFIP's procedural requirements" have jurisdictional implications because these requirements "constitute conditions precedent to a waiver by the federal government of its sovereign immunity." Wagner v. Dir., FEMA, 847 F.2d 515, 518 (9th Cir. 1988) (emphasis added) (citing, inter alia, United States v. Mottaz, 476 U.S. 834, 841 (1986)).

As "Justice Holmes declared[,] 'men [and women] must turn square corners when they deal with the Government.'" U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984) (en banc) (quoting Rock Island, Ark. & La. R.R. Co. v. United States, 254 U.S. 141, 143 (1920)). When people seek benefits from a taxpayer-funded program, it is fair to require them to fill out the correct form—especially one that is only one page and easily accessible online, see FEMA, Proof of Loss, Form No. 086-0-9 (Oct. 2010), available at http://www.fema.gov/media-library-data/20130726-1601-20490-7838/086_0_9_previously_ff81_42.pdf. McCarty acknowledges Farm Bureau promptly provided him with a short FEMA handbook informing him the proof of loss

is the "official claim for damages" and "must be fully completed and signed and in the hands of [his] insurance company within 60 days after the loss occurs." Yet he failed to follow this simple instruction.

### B. Waiver

Seeking to circumvent the proof of loss requirement, litigants in a throng of cases have deluged our court with creative theories purporting to show why the requirement should not apply to their case. Adhering to the law, we have steadfastly refused to adopt those theories and open the floodgates. See, e.g., Dickson, 739 F.3d at 400-01; Gunter, 736 F.3d at 771-75; Mancini, 248 F.3d at 735. In this case, we refuse once again to expose U.S. taxpayers to claims from policyholders who have not complied with the SFIP's clear and easy requirements.

McCarty's theory—adopted by the district court—is that Farm Bureau, by having McCarty sign a *non*-waiver agreement, effectively waived the proof of loss requirement. This theory attempts to squeeze through a discretionary exception in Article VII(J)(9) of the SFIP:

> *At our option*, we *may* accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. *You must sign the adjuster's report.* At our option, we may require you to swear to the report.

44 C.F.R. pt. 61, app. A(1) (emphasis added). But this theory collapses for three reasons.

First, even if Farm Bureau wanted to exercise an option to accept the adjuster's report, McCarty did not sufficiently comply with this provision. He never signed the "adjuster's report." The district court read "adjuster's report" broadly to include the non-waiver agreement. Yet this document by its title—"NON-WAIVER

AGREEMENT"—and its terms precluded waiver of the SFIP's proof of loss condition:

> IT IS AGREED, that any action taken heretofore or hereafter by the insurance company . . . in ascertaining . . . the amount of the loss and damage which occurred . . . to MIKE MCCARTY . . . *shall not waive* or invalidate any of the conditions of the policies of insurance.
> . . . .
>
> THE *SOLE* OBJECT AND INTENT of this agreement is to provide for the determination of . . . the amount of loss and damage . . . without regard to the liability, if any, of [the] insurance companies.

(Emphasis added). We do not interpret this document to waive one of the policy's most important requirements when the text plainly says the opposite. We must employ the strict mode of construction required by federal common law. See Gunter, 736 F.3d at 773-74.

Second, even if Farm Bureau wished to waive the proof of loss, FEMA has not authorized waiver in this case. FEMA interprets Article VII(J)(9) as follows:

> **P. PROOF OF LOSS REQUIREMENTS AND WAIVER**
>
> The NFIP Proof of Loss Form . . . may be waived on claims *under $7,500*. When a Proof of Loss is waived, the insured's signature must be obtained on the NFIP Final Report Form . . . . If the loss is *over $7,500*, . . . a Proof of Loss *must* be obtained.

FEMA Adjuster Claims Manual VII-7(P) (2010) (emphasis added). McCarty never signed "the NFIP Final Report Form," and anyway FEMA prohibits waiver of McCarty's proof of loss because his claim—more than $47,000—is well "over $7,500." Id. "FEMA's interpretation of its own regulation is entitled to great deference by a reviewing court." Criger v. Becton, 902 F.2d 1348, 1351 (8th Cir. 1990). Because FEMA's interpretation is fully consistent with the regulation, we

defer to that reasonable interpretation.  See, e.g., Stinson v. United States, 508 U.S. 36, 45 (1993).

Third, McCarty's theory has already been rejected by the only other circuit to consider the issue.  See Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 809-11 (3d Cir. 2005).  We agree with the Third Circuit that "in the absence of a written waiver from FEMA, [the insurer is] barred from accepting the adjuster's report in place of proof of loss" for a claim greater than $7,500.  Id. at 811.  FEMA's regulations expressly prohibit insurers from altering, varying, or waiving any "provision" of the SFIP "other than by the express written consent of the Federal Insurance Administrator through the issuance of an appropriate amendatory endorsement, approved by the Federal Insurance Administrator as to form and substance for uniform use."  44 C.F.R. § 61.13(d).  No express written consent was granted in Suopys or in McCarty's case.  We firmly decline to create a circuit split in this area of federal common law where uniformity is the goal.  See, e.g., Nelson, 929 F.2d at 1291.

### III. CONCLUSION

Emphasizing that "strict construction of the SFIP is needed to protect sovereign immunity when federal funds are in question and to ensure uniformity in the diverse jurisdictions inundated with flood insurance disputes in the aftermath of natural disasters," Gunter, 736 F.3d at 774 (internal quotation omitted), we reverse and remand for entry of judgment in favor of Farm Bureau.

_____

-8-

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 11, 2014

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 13-2490  Mike McCarty v. Southern Farm Bureau Casualty

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was Gerald Joseph Nielsen, of Metairie, LA. The following attorney(s) appeared on the appellant brief;  Richard N. Watts, of Little Rock, AR.,  Kim Tran Britt, of Metairie, LA.,  William Truman Treas, of Metairie, LA.

Counsel who presented argument on behalf of the appellee was J. Grant Ballard, of Little Rock, AR. The following attorney(s) appeared on the appellee brief;  Charles A. Banks, of Little Rock, AR.

The judge who heard the case in the district court was Honorable Billy Roy Wilson. The judgment of the district court was entered on June 10, 2013.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

LAB

Enclosure(s)

cc:   Lois Law
      MO Lawyers Weekly

District Court/Agency Case Number(s):   5:12-cv-00148-BRW

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
 *Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 11, 2014

Mr. Gerald Joseph Nielsen
NIELSEN & CARTER
Suite 2850
3838 N. Causeway Boulevard
Metairie, LA  70002

   RE:  13-2490  Mike McCarty v. Southern Farm Bureau Casualty

Dear Counsel:

   The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

   Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

               Michael E. Gans
                Clerk of Court

LAB

Enclosure(s)

cc:  Mr. J. Grant Ballard
   Mr. Charles A. Banks
   Ms. Kim Tran Britt
   Mr. David Michael Donovan
   Mr. Robert William Francis
   Mr. Jim McCormack
   Mr. William Truman Treas
   Mr. Richard N. Watts

   District Court/Agency Case Number(s):   5:12-cv-00148-BRW



13-2490 Mike McCarty v. Southern Farm Bureau Casualty "Signed Opinion Filed" (5:12-cv-00148-BRW)
8cc-cmecf-nda
to:
07/11/2014 08:56 AM
Hide Details
From: 8cc-cmecf-nda@ck8.uscourts.gov
To:

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 07/11/2014

| | |
|---|---|
| **Case Name:** | Mike McCarty v. Southern Farm Bureau Casualty |
| **Case Number:** | 13-2490 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: William Jay Riley, Kermit E. Bye and Jane Kelly
AUTHORING JUDGE:William Jay Riley (PUBLISHED) [4174122] [13-2490] (Lorri Brown)

**Notice will be electronically mailed to:**

Mr. J. Grant Ballard: gballard@bankslawfirm.us, gballard@bankslawfirm.us, twright@bankslawfirm.us
Mr. Charles A. Banks: cbanks@bankslawfirm.us
Ms. Kim Tran Britt: kbritt@nct-law.com, jburns@nct-law.com, bmorvant@nct-law.com
Mr. David Michael Donovan: david.donovan@wdt-law.com, allison.intervallo@wdt-law.com
Mr. Robert William Francis: rob@reddickmoss.com
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Gerald Joseph Nielsen: gjnielsen@nct-law.com, hgregorich@nct-law.com, tphillips@nct-law.com
Mr. William Truman Treas: wtreas@nct-law.com, jlooday@nct-law.com, sdufrene@nct-law.com
Mr. Richard N. Watts: rwatts@wdt-law.com, hmenzie@wdt-law.com
Lois Law: FED08@loislaw.com
MO Lawyers Weekly: stephanie.maniscalco@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com


The following document(s) are associated with this transaction:
**Document Description:** Published Opinion Filed
**Original Filename:** 132490P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/11/2014] [FileNumber=4174122-0]
[a0f6d4d8d7e255f8b248422053a5b7c548b5ffd29f00da2a3ceed21fe1ce50e96b4434978af274c2267962855ad949c7beb2de43c06f30a57c0d5dd7e28635fa]]

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/lbrown_132490_4174122_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/11/2014] [FileNumber=4174122-1]
[20a1491334c4163dfe35cf9a119c456c56cdf78e1e2a76b1c460293e7f64bdb47b85f654eebecddfeee475f89c1b910f8cc830f61e2755faa182350981fb92da]]
**Recipients:**

- Lois Law
- MO Lawyers Weekly
- West Publishing

**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/lbrown_132490_4174122_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/11/2014] [FileNumber=4174122-2]
[94f6d62662195f771c515e6fe1d554489216995449f4e9cb2591c51efbdd27c0277c6c55dc67a36afb93d7990451452a2f6486f3ea34941975c17bb659692756]]
**Recipients:**

- Mr. J. Grant Ballard
- Mr. Charles A. Banks
- Ms. Kim Tran Britt
- Mr. David Michael Donovan
- Mr. Robert William Francis
- Mr. Jim McCormack, Clerk of Court
- Mr. Gerald Joseph Nielsen
- Mr. William Truman Treas
- Mr. Richard N. Watts

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4174122
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 5117633, 5117634, 5117635